**Hilda Teresa VILLA–SANDOVAL, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–72969.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2012.*

Filed Sept. 17, 2012.

Hilda Teresa Villa–Sandoval, pro se.

Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Andrew Jacob Oliveira, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

## MEMORANDUM \*\*

Hilda Teresa Villa–Sandoval, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's order denying her application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination, *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 850–851 (9th Cir.2004), and review de novo claims of due process violations, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the agency's finding that Villa–Sandoval's documentary and testimonial evidence was conflicting and insufficient to meet her burden of proving ten years of continuous residence in the United States. *See* 8 U.S.C. § 1229b(b)(1)(A); *Lopez–Alvarado*, 381 F.3d at 851–53 (finding that petitioners had met their burden where nothing contradicted the detailed documentary and testimonial evidence presented by petitioners).

Contrary to Villa–Sandoval's contention, she is not entitled to the opportunity to present her hardship claim, because the failure to prove ten years of continuous presence is dispositive. *See Lopez–Alvarado*, 381 F.3d at 850 (to qualify for the discretionary relief of cancellation. of removal, an alien must, as a threshold matter, have been physically present in the United States for a continuous period of no less than ten years).

Villa–Sandoval's contention that the BIA made an implicit adverse credibility determination is not supported by the record.

Villa–Sandoval's contention that the BIA engaged in impermissible fact finding is not supported by the record.

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).